## IN THE UNITED STATES DISTRICT COURT
## FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| LVL PATENT GROUP, LLC,<br><br>               Plaintiff,<br><br>      v.<br><br>DIRECTTV, INC., ECHOSTAR TECHNOLOGIES, L.L.C; ECHOSTAR CORPORATION, AND DISH NETWORK L.L.C.,<br><br>               Defendants. | Civil Action No.<br><br>**DEMAND FOR JURY TRIAL** |

### COMPLAINT

Plaintiff LVL Patent Group ("LVL") alleges as follows:

### PARTIES

1. LVL is a Virginia limited liability company with its principal place of business at 2331 Mill Road, Suite 100, Alexandria, Virginia 22314.

2. On information and belief, defendant DirecTV, Inc. ("DirecTV") is a Delaware Corporation with its principal place of business at 2230 East Imperial Highway, El Segundo, CA 90245. DirecTV has appointed Corporation Service Company, 2711 Centerville Road, Suite 400, Wilmington, DE 19808, as its agent for service of process.

3. On information and belief, defendant EchoStar Technologies, L.L.C. ("EchoStar Tech.") is a Texas limited liability company with a principal place of business at 9601 South Meridian Boulevard, Englewood, Colorado 80112. EchoStar has appointed 701 Brazos, Suite 1050, Austin, Texas 78701, as its agent for service of process.

4. On information and belief, defendant EchoStar Corporation ("EchoStar Corp.") is a Nevada corporation with a principal place of business at 100 Inverness Terrace East, Englewood, Colorado 80112. EchoStar Corp. has appointed CSC Services of Nevada, Inc., 2215-B Renaissance Drive, Las Vegas, Nevada 89118, as its agent for service of process.

1

5. On information and belief, defendant DISH Network L.L.C. ("Dish Network") is a Colorado limited liability company with a principal place of business at 9601 South Meridian Boulevard, Englewood, Colorado 80112.  DISH has appointed, CSC Services of Nevada, Inc., 2215-B Renaissance Drive, Las Vegas, Nevada 89119 as its agent for service of process.

## JURISDICTION AND VENUE

6. This action arises under the patent laws of the United States, Title 35 of the United States Code.  Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

7. Venue is proper in this district under 28 U.S.C. §§ 1391 (b)-(d) and 1400(b) because each defendant is subject to personal jurisdiction in this district, has committed acts of patent infringement in this district, or has a regular and established place of business in this district.

## COUNT I

### (Infringement of U.S. Patent No. 6,044,382)

8. LVL is the owner by assignment of United States Patent No. 6,044,382 ("the '382 patent"), entitled "Data Transaction Assembly Server."  The '382 patent issued on March 28, 2000.  A true and correct copy of the '382 patent is attached hereto as Exhibit A.

9. Each of defendants DirectTV, Echostar Tech., Echostar Corp. and Dish Network has infringed and still are infringing at least claim 19 of the '382 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing a data transaction system including a console with a form driven operating system that transmits data from a form presented to a user over a transmission medium to a server that processes the data to either forward the data to another server or to provide data back to the console, including by way of example only, their receivers, Wi-Fi or Ethernet connection, and interactive multi-media network services platform.

10. As a result of each defendant's infringement of the '382 patent, LVL has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless each defendant's infringing activities are enjoined by this Court.

11. Unless a permanent injunction is issued enjoining each defendant and its agents, servants, employees, attorneys, representatives, affiliates, and all others acting on its behalf from infringing the '382 patent, LVL will suffer irreparable harm.

## PRAYER FOR RELIEF

LVL prays for the following relief:

1. A judgment that each defendant has infringed (either literally or under the doctrine of equivalents) one or more claims of the '382 patent;

2. A permanent injunction enjoining each defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with them, from infringing the '382 patent;

3. An award of damages resulting from each defendant's acts of infringement in accordance with 35 U.S.C. § 284;

4. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to LVL its reasonable attorneys' fees against each defendant;

5. A judgment and order requiring defendants to provide an accounting to pay supplemental damages to LVL, including without limitation, pre-judgment and post-judgment interest; and

6. Any and all other relief to which LVL may show itself to be entitled.

## DEMAND FOR JURY TRIAL

LVL demands a trial by jury on all issues so triable.

September 15, 2011

BAYARD, P.A.

/s/ *Richard D. Kirk*
Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
222 Delaware Avenue, Suite 900
Wilmington, DE  19801
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com

Of Counsel:

Marc A. Fenster
Russ, August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA  90025-1031
(310) 826-7474
mfenster@raklaw.com

Attorneys for Plaintiff,
LVL Patent Group, LLC