**IN THE UNITED STATES DISTRICT COURT**
**FOR THE DISTRICT OF DELAWARE**

| | |
|---|---|
| CYBERFONE SYSTEMS, LLC,<br><br>Plaintiff,<br><br>v.<br><br>ECHOSTAR TECHNOLOGIES, L.L.C; ECHOSTAR CORPORATION, AND DISH NETWORK L.L.C.,<br><br>Defendants. | C.A. No. 11- 835-SLR<br><br>**DEMAND FOR JURY TRIAL** |

**SECOND AMENDED COMPLAINT**

Plaintiff Cyberfone Systems, LLC ("Cyberfone"), previously named LVL Patent Group, LLC, alleges as follows:

PARTIES

1. Cyberfone is a Texas limited liability company with its principal place of business at 719 W. Front Street, Suite 242, Tyler, Texas 75702.

2. On information and belief, Defendant EchoStar Technologies, L.L.C. ("EchoStar Technologies") is a Texas limited liability company with a principal place of business at 9601 South Meridian Boulevard, Englewood, Colorado 80112. EchoStar has appointed 701 Brazos, Suite 1050, Austin, Texas 78701, as its agent for service of process.

3. On information and belief, Defendant EchoStar Corporation ("EchoStar Corp.") is a Nevada corporation with a principal place of business at 100 Inverness Terrace East, Englewood, Colorado 80112. EchoStar Corp. has appointed CSC Services of Nevada, Inc., 2215-B Renaissance Drive, Las Vegas, Nevada 89118, as its agent for service of process.

4. On information and belief, Defendant DISH Network L.L.C. ("Dish Network") is a Colorado limited liability company with a principal place of business at 9601 South Meridian Boulevard, Englewood, Colorado 80112. DISH has appointed, CSC Services of Nevada, Inc., 2215-B Renaissance Drive, Las Vegas, Nevada 89119, as its agent for service of process.

JURISDICTION AND VENUE

5. This action arises under the patent laws of the United States, Title 35 of the United States Code. Accordingly, this Court has subject matter jurisdiction under 28 U.S.C. §§ 1331 and 1338(a).

6. Venue is proper in this district under 28 U.S.C. §§ 1391 (b)-(d) and 1400(b) because each defendant is subject to personal jurisdiction in this district, has committed acts of patent infringement in this district, or has a regular and established place of business in this district.

**COUNT I**
**(Infringement of U.S. Patent No. 6,044,382)**

7. Cyberfone is the owner by assignment of United States Patent No. 6,044,382 ("the '382 patent"), entitled "Data Transaction Assembly Server." The '382 patent issued on March 28, 2000. A true and correct copy of the '382 patent is attached hereto as Exhibit A.

8. Each of EchoStar Corp. and Dish Network has infringed and still is infringing at least claim 19 of the '382 patent, literally and under the doctrine of equivalents, by making, using, selling, offering to sell, or importing a data transaction processing system comprising a transaction entry device, a transmission medium, and a server connected to the transaction entry device via the transmission medium, including, by way of example only, the ViP 922 SlingLoaded DVR and DISH Cinema.

9. EchoStar Technologies has been and now is indirectly infringing, by way of inducing infringement by others or contributing to the infringement by others of the '382 patent by, among other things, making, using, importing, offering for sale, or selling, without license or authority, products for use in systems that fall within the scope of at least claim 19 of the '382 patent. Such products include, by way of example, the ViP 922 SlingLoaded DVR. Such products are for use in systems that infringe at least claim 19 of the '382 patent. Such products are not staple articles or commodities of commerce suitable for substantial noninfringing use and are especially made for or adapted for use in infringing the '382 patent. By making, using, importing, offering for sale, or selling such products, EchoStar Technologies has injured Cyberfone and is thus liable to Cyberfone for infringement of the '382 patent under 35 U.S.C. § 271. Those whom EchoStar Technologies induces to infringe or whose infringement to which EchoStar Technologies contributes are the end users of the above-referenced products. EchoStar Technologies has had knowledge of the '382 patent at least as early as the filing of the original complaint and is thus liable for infringement of one or more claims of the '382 patent by actively inducing infringement or is liable as a contributory infringer of one or more claims of the '382 patent under 35 U.S.C. § 271.

10. As a result of each Defendant's infringement of the '382 patent, Cyberfone has suffered monetary damages in an amount not yet determined, and will continue to suffer damages in the future unless each Defendant's infringing activities are enjoined by this Court.

11. Unless a permanent injunction is issued enjoining each Defendant and its agents, servants, employees, attorneys, representatives, affiliates, and all others acting on its behalf from infringing the '382 patent, Cyberfone will suffer irreparable harm.

## PRAYER FOR RELIEF

Cyberfone prays for the following relief:

1. A judgment that each Defendant has infringed (either literally or under the doctrine of equivalents), directly or indirectly, by way of inducing or contributing to the infringement of, one or more claims of the ‘382 patent;

2. A permanent injunction enjoining each Defendant and its officers, directors, agents, servants, affiliates, employees, divisions, branches, subsidiaries, parents, and all others acting in active concert or participation with them, from infringing, contributing to the infringement of, or inducing infringement of the ‘382 patent;

3. An award of damages resulting from each Defendant’s acts of infringement in accordance with 35 U.S.C. § 284;

4. A judgment and order finding that this is an exceptional case within the meaning of 35 U.S.C. § 285 and awarding to Cyberfone its reasonable attorneys’ fees against each Defendant;

5. A judgment and order requiring defendants to provide an accounting to pay supplemental damages to Cyberfone, including without limitation, pre-judgment and post-judgment interest; and

6. Any and all other relief to which Cyberfone may show itself to be entitled.

DEMAND FOR JURY TRIAL

Cyberfone demands a trial by jury on all issues so triable.

July 6, 2012

BAYARD, P.A.

/s/ *Stephen B. Brauerman*
Richard D. Kirk (rk0922)
Stephen B. Brauerman (sb4952)
222 Delaware Avenue, Suite 900
Wilmington, DE 19801
(302) 655-5000
rkirk@bayardlaw.com
sbrauerman@bayardlaw.com

Attorneys for Plaintiff,
Cyberfone Systems, LLC

Of Counsel:

Marc A. Fenster
Bruce D. Kuyper
Eric J. Carsten
Fredricka Ung
Russ, August & Kabat
12424 Wilshire Boulevard, 12th Floor
Los Angeles, CA 90025-1031
(310) 826-7474
mfenster@raklaw.com
bkuyper@raklaw.com
ecarsten@raklaw.com
fung@raklaw.com